UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
UNITED STATES OF AMERICA,

               Plaintiff,

                                                  ORDER
   -against-                                      05 CR 918 (ILG)

MICHAEL CADET,

               Defendant.
------------------------------------------------x
GLASSER, United States District Judge:

       In a Memorandum and Order mistakenly dated March 29, 2005, rather than March 29, 2006, and which is hereby corrected, the Court granted a motion by the defendant pursuant to Rule 16 Fed. R. Cr. P. and directed the government to provide copies of all materials seized from the defendant, who was charged in an eleven count indictment with the advertisement, distribution and possession of child pornography. Those materials were to include, without limitation, mirror images of each of the computer hard drives, computer discs, CD-ROMs, videotapes and pictures. Those materials were to be delivered to defendant's then counsel, Deborah Colson, Esq., subject to compliance with enumerated conditions. Familiarity with that Order is assumed.

       Ms. Colson was subsequently substituted by Trevor Headley, Esq., who similarly moved pursuant to Rule 16 for copies of those materials. In a Memorandum and Order issued on July 27, 2006, his motion was granted and provided that upon certification by Ms. Colson that she complied with all of the restrictions and preconditions upon which the material was made available to her, she should deliver them to Mr. Headley, who

was to receive them subject to the restrictions and preconditions in that Order, familiarity with which is assumed.

By letter dated August 1, 2006, Ms. Colson certified that she complied with the prescribed preconditions and restrictions.

Before Ms. Colson delivered the material to Mr. Headley, the government called the Court's attention to the signing by President Bush on July 27, 2006, of the Adam Walsh Child Protection and Safety Act of 2006, which amended 18 U.S.C. 3509 by adding subdivision (m) thereto which provides in relevant part that: "Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography . . . so long as the government makes the property or material reasonably available to the defendant."

Neither party has raised the question of retroactive on prospective application of the amendment, and the legislative enactment, PL 109-248 is silent as to that. Although the enactment adds a subsection to Title 18, it is plain that the object of it is to impose a limitation upon Rule 16 Fed. R. Cr. P., and is properly applied to the motions before me. See Landgraf v. USI, 511 U.S. 244, 275 n. 29 (1994) (Order Amending Federal Rules of Criminal Procedure applicable to pending cases insofar as just and practicable).

In obedience to the statute, the prior Order granting Mr. Headley's Rule 16 motion is hereby revoked and the government is directed to comply with § 3509(2)(B).

Ms. Colson is hereby directed to return to the Office of the United States Attorney forthwith all the material previously delivered to her in accordance with the Court's Order of March 29, 2006.

SO ORDERED.

Dated:     Brooklyn, New York
             August 4, 2006

                                               S/
                                      I. Leo Glasser